LATHAM & WATKINS LLP
Robert Steinberg (CA Bar No. 126407)
bob.steinberg@lw.com
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Tel: (213) 891-8989
Fax: (213) 891-8763

Fan Zhang (CA Bar No. 324347)
frances.zhang@lw.com
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2190
Fax: (202) 637-2201

*Attorneys for Defendant*
AVA ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AVA ENTERPRISES, INC., <br><br> Defendant. | Case No. 2:20-cv-03054-AB-SK <br><br> **AVA'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM** <br><br> Hearing <br> Date: September 18, 2020 <br> Time: 10:00 a.m. <br> Courtroom: 7B <br> Assigned To: André Birotte Jr. <br> Magistrate Judge: Steve Kim |

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on September 18, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable André Birotte Jr., United States District Court, Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendant Ava Enterprises, Inc. ("Ava") will and hereby does move to dismiss the Complaint filed by Display Technologies, LLC ("Display") for lack of standing under Fed. R. Civ. P. 12(b)(1) and failure to state a claim Fed. R. Civ. P. 12(b)(6).

This Motion is made based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Sam Rabbani, the accompanying Declaration of Robert Steinberg, the exhibits attached thereto, the accompanying Proposed Order, the pleadings and records on file herein, and such other evidence and arguments as may be made or presented at or before the hearing on this Motion.

This Motion is made following the telephone and email conversations between counsel, which took place between July 8, 2020 and August 3, 2020. Steinberg Decl. ¶¶ 5–14. Ava's counsel notified Display's counsel about the substance of this motion at least as early as July 8, 2020. *Id.* ¶ 5. Ava's counsel made reasonable efforts to confer with Display's counsel over the phone more than seven days before the filing of this Motion, but Display's counsel refused. *Id.* ¶¶ 10–15. Accordingly, Ava submits that it is in substantial compliance with L.R. 7-3. *Sturm v. Davlyn Investments, Inc.,* No. CV 12-7305-DMG AGRX, 2013 WL 8604661, at *1 (C.D. Cal. Nov. 6, 2013) (finding "substantial compliance with the spirit of Local Rule 7-3" where defendant's counsel attempted to meet and confer, though no conference ever occurred).

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 10, 2020 | Respectfully submitted, |
| 3 | | LATHAM & WATKINS LLP |
| 4 | | |
| 5 | | By /s/ Robert Steinberg |
| 6 | | Robert Steinberg<br>10250 Constellation Blvd. Suite 1100 |
| 7 | | Los Angeles, CA 90067<br>Tel: (213) 891-8989 |
| 8 | | Fan Zhang |
| 9 | | 555 Eleventh Street, NW Suite 1000<br>Washington, D.C. 20004<br>Tel: (202) 637-2190 |
| 10 | | |
| 11 | | *Attorneys for Defendant*<br>AVA ENTERPRISES, INC. |

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................1

II. BACKGROUND ..........................................................................................2

III. STATEMENT OF FACTS ...........................................................................3

    A. The Asserted Patent..........................................................................3

    B. Display's Infringement Allegations .................................................5

IV. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING UNDER RULE 12(B)(1) ........................................................7

    A. Legal Standards ...............................................................................7

    B. Argument .........................................................................................8

V. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) .......................9

    A. Legal Standards ...............................................................................9

    B. Argument .........................................................................................9

        1. The media system does not "initiate[]" the communication link. ................................................................10

        2. Display fails to identify any "displaying" of at least one digital media file. .......................................................11

        3. Display fails to allege an "limited permissible use" that bypasses the security measure. ........................................11

VI. CONCLUSION...........................................................................................12

# TABLE OF AUTHORITIES

Page(s)

## CASES

*AEM (Holdings), Inc. v. Cooper Indus., Inc.*,
  No. CV 04-594 ABC VBKX, 2005 WL 5950104 (C.D. Cal.
  July 12, 2005) ................................................................................................. 7

*Am. Piledriving Equip., Inc. v. Hammer & Steel, Inc.*,
  No. 4:11CV811 CDP, 2012 WL 1414837 (E.D. Mo. Apr. 24,
  2012) ................................................................................................................ 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................ 9

*Ass'n of Am. Med. Colls. v. United States*,
  217 F.3d 770 (9th Cir. 2000) .......................................................................... 8

*Atlas IP, LLC v. Commonwealth Edison Co.*,
  686 F. App'x 921 (Fed. Cir. 2017) ................................................................ 10

*Atlas IP, LLC v. Exelon Corp.*,
  189 F. Supp. 3d 768 (N.D. Ill. 2016) ............................................................ 10

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
  No. 15-CV-05469-EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9,
  2016) ................................................................................................................ 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................ 9

*e.Digital Corp. v. iBaby Labs, Inc.*,
  No. 15-CV-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22,
  2016) ................................................................................................................ 9

*General Atomic Co. v. United Nuclear Corp.*,
  655 F.2d 968 (9th Cir. 1981) .......................................................................... 7

*Howard v. Cty. of Riverside*,
  No. EDCV1200700VAPOPX, 2013 WL 12138760 (C.D. Cal. Jan.
  10, 2013) ........................................................................................................ 10

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................. 7

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir.), *opinion amended on denial of reh'g*, 275
  F.3d 1187 (9th Cir. 2001) .................................................................................... 9

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
  137 S. Ct. 1645 (2017) ........................................................................................ 7

*Uniloc 2017 LLC v. Box, Inc.*,
  2020 WL 611565 (N.D. Cal. 2020) ..................................................................... 8

**STATUTES**

35 U.S.C. § 286 .......................................................................................................... 1, 8

**RULES**

Fed. R. Civ. Proc. 12(b)(1) ................................................................................. *passim*

Fed. R. Civ. Proc. 12(b)(6) ............................................................................... 1, 9, 12

**OTHER AUTHORITIES**

https://bossaudio.com/manual/BV9964B_EN_UM.PDF ........................................... 5

https://www.bossaudio.com/?post_type=product&p=544846&preview
  =true&from=search ............................................................................................. 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Complaint should be dismissed under Rule 12(b)(1). Plaintiff Display Technologies, LLC ("Display") has no standing to bring this action, and thus this Court has no subject matter jurisdiction to review this case. Display alleges a single claim of patent infringement, but the only accused product it can identify has been discontinued for over 6 years, exceeding the statutory period for recovering damages. 35 U.S.C. § 286. Nor does the Complaint allege any current infringing conduct that the Court could enjoin. Because there is no harm alleged in the Complaint that the Court can redress, Display has failed to establish standing to bring its claim.

If the Court deems Display has standing, despite there being no relief to award, the Complaint should still be dismissed under Rule 12(b)(6) for failure to state a claim. Display accuses Defendant Ava Enterprises, Inc., d/b/a Boss Audio Systems ("Ava") of infringing U.S. Patent No. 9,300,723 ("the Asserted Patent"), which generally relates to the transfer of digital media files between a media system and a wireless mobile device. But Display's allegations fail to plead at least three limitations required by all claims of the Asserted Patent.

First, the claims require that a communication link be "initiated *by said media system*," but Display's allegations expressly contradict this, stating that it is the cell phone that establishes the connection. Second, the claims require a digital media file to be "*display[ed]*" on a media system, but Display makes no such showing. It can't. The alleged audio streaming in the accused product is heard, not displayed. Third, the claims narrowly restrict the transfer of a media file for a "*limited permissible use*," but this is missing too. Even Display's own counsel could not evade this. When asked several times by Ava's counsel to identify where this second limitation was pled in the allegations, he merely repeated the

claim language and pointed to the patent specification, never once pointing to anything in its allegations about the accused product. That's because it doesn't exist.

For the past 3 years, Display has been asserting this patent against over 30 defendants for the apparent purpose of generating nuisance settlements, strategically moving to dismiss cases before any merits can ever be adjudicated. Display's harassment stops here. Display's accusations are meritless, and the Court should dismiss its Complaint.

## II.    BACKGROUND

On February 23, 2020, Display filed its complaint in the District of Delaware, initially naming the wrong party as defendant. D.I. 1. After Ava was substituted in as the correct defendant, D.I. 8, this action was transferred to the Central District of California on April 2, 2020, where Ava is headquartered. D.I. 10, D.I. 11.

Since 2017, Display has sued over 30 companies for allegedly infringing the Asserted Patent.[1] Of the cases now closed, Display voluntarily dismissed all of them before any merits were ever adjudicated.

---

[1] *See, e.g.*, *Display Techs., LLC v. HTC Am., Inc.*, No. 2:17-cv-00070 (E.D. Tex. Jan. 23, 2017); *Display Techs., LLC v. LG Elecs. USA, Inc.*, No. 2:17-cv-00069 (E.D. Tex. Jan. 23, 2017); *Display Techs., LLC v. ZTE (USA) Inc.*, No. 2:17-cv-00068, D.I. No. 1 (E.D. Tex. Jan. 23, 2017), *dismissed with prejudice*; *Display Techs., LLC v. BLU Prods., Inc.*, No. 2:17-cv-00067, D.I. No. 1 (E.D. Tex. Jan. 23, 2017); *Display Techs., LLC v. Ricoh Americas Corp.*, No. 2:17-cv-00196, D.I. No. 1 (E.D. Tex. Mar. 13, 2017); *Display Techs., LLC v. Panasonic Corp.*, No. 2:17-cv-00195, D.I. No. 2 (E.D. Tex. Mar. 13, 2017); *Display Techs., LLC v. Olympus Am., Inc.*, No. 2:17-cv-00194 (E.D. Tex. Mar. 13, 2017); *Display Techs., LLC v. Nikon, Inc.*, No. 2:17-cv-00193 (E.D. Tex. Mar. 13, 2017); *Display Techs., LLC v. Canon USA, Inc.*, No. 2:17-cv-00192 (E.D. Tex. Mar. 13, 2017); *Display Techs., LLC v. HTC Am., Inc.*, No. 2:17-cv-01057 (W.D. Wa. Jun. 10, 2017); *Display Techs., LLC v. Pioneer & Onkyo U.S.A. Corp.*, No. 1:17-cv-01427 (D. Del. Oct. 11, 2017); *Display Techs., LLC v. Gibson Innovations USA, Inc.*, No. 1:17-cv-01426 (D. Del. Oct. 11, 2017); *Display Techs., LLC v. Yamaha Corp. of Am.*, No. 3:17-cv-03005 (N.D. Tex. Oct. 31, 2017); *Display Techs., LLC v. Yamaha Corp. of Am.*, No. 2:18-cv-00861 (C.D. Cal. Feb. 2, 2018); *Display Techs., LLC v. JVCKenwood USA Corp.*, No. 2:18-cv-07244 (C.D. Cal. Aug. 17, 2018); *Display*

## III. STATEMENT OF FACTS

### A. The Asserted Patent

The Asserted Patent generally relates to a system that transfers a media file between a vehicle media system and a wireless mobile device over a wireless connection. D.I. 1, Ex. 1 (Asserted Patent) at Abstract. Of the 50 total claims in the Asserted Patent, the Complaint alleges that at least independent claim 12 is infringed. D.I. 1 at ¶ 13. The full text of claim 12 is reproduced below:

> 12. A media system configured to receive a media file from a wireless mobile device over communication network, comprising:
> a wireless receiver;
> a **security measure**; and
> the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to **permit authorized access** to said at least one interactive computer network,
> the wireless mobile device within said wireless range, wherein said wireless mobile device is detectable by said media system,
> at least one digital media file initially disposed on the wireless mobile device, said media system being structured to detect said wireless mobile device disposed within said wireless range,

---

*Techs., LLC v. Como Audio, LLC*, No. 1:18-cv-01390 (D. Del. Sep. 6, 2018); *Display Techs., LLC v. Pyle Pro Audio Corp.*, No. 1:19-cv-04282 (E.D.N.Y July 25, 2019); *Display Techs., LLC v. Klip Xtreme, LLC*, No. 0:19-cv-61897 (S.D. Fla. Jul. 26, 2019); *Display Techs., LLC v. Inmusic, LLC*, No. 0:19-cv-61896 (S.D. Fla. Jul. 26, 2019); *Display Technologies, LLC v. Furrion LLC*, No. 3:19-cv-00699 (N.D. Ind. Aug. 29, 2019); *Display Techs., LLC v. Alpine Elecs. of Am., Inc.*, No. 2:20-cv-10392 (E.D. Mich. Feb. 14, 2020); *Display Techs., LLC v. Jaguar Land Rover N. Am., LLC, Inc.*, No. 1:20-cv-00261 (D. Del. Feb. 23, 2020); *Display Techs., LLC v. Ferrari N. Am., Inc.*, No. 1:20-cv-00260 (D. Del. Feb. 23, 2020); *Display Techs., LLC v. FCA US LLC*, No. 1:20-cv-00259 (D. Del. Feb. 23, 2020); *Display Techs., LLC v. Aston Martin LLC*, No. 1:20-cv-00258 (D. Del. Feb. 23, 2020); *Display Techs., LLC v. Soundstream, Inc.*, No. 1:20-cv-00334 (D. Del. Mar. 4, 2020); *Display Techs., LLC v. Mazda Motor of Am., Inc.*, No. 8:20-cv-01029 (C.D. Cal. Jun. 8, 2020); *Display Techs., LLC v. Clarion Corp. of Am.*, No. 8:20-cv-01028 (C.D. Cal. Jun. 8, 2020); *Display Techs., LLC v. AP Global, Inc.*, No. 8:20-cv-05041 (C.D. Cal. Jun. 8, 2020); *Display Techs., LLC v. Audio P'ship LLC*, No. 8:20-cv-001828 (M.D. Fla. Aug. 6, 2020); *Display Techs., LLC v. Namsung Am., Inc. d/b/a Dual Elecs. Corp.*, No. 6:20-cv-01405 (M.D. Fla. Aug. 6, 2020).

>           a communication link structured to dispose said media system
> and said wireless mobile device in a communicative relation with one
> another via said at least one interactive computer network,
>           said communication link being *initiated by said media system*,
>           said wireless mobile device and media system being structured
> to transmit said at least one digital media file therebetween via said
> communication link, and
>           said communication link is structured to *bypass the security
> measure of the media system for a limited permissible use* of the
> communication link by the wireless mobile device for only
> transferring the at least one digital media file to, and *displaying* the at
> least one digital media file on, the media system.

Asserted Patent at claim 12 (emphases added).

As shown above, claim 12 imposes at least three limitations on the communication link.  First, the communication link must be "*initiated by said media system*," not the wireless device.

Second, the claimed media system controls access to the interactive computer network over the communication link in *two distinct ways*.  The first is a "security measure," which requires access to be "authorized."  The second allows this security measure to be bypassed, but restricts access to "*limited permissible use*."  Though the application leading to the Asserted Patent was originally filed with claims that only recited a single access control mechanism ("security measure"), the applicant added a second mechanism that "bypass[ed]" the existing security measure in order to overcome prior art.  Ex. A (File History of the Asserted Patent at 112), 6/29/2015 Applicant Amendment at 10.  Notably, this prior art reference was directed to "Bluetooth security," which is the same technology that Display now accuses in its Complaint.

Third, as defined in claim 12, the limited permissible use is "for only transferring the at least one digital media file to, and *displaying* the at least one digital media file on, the media system."  As discussed in the specification of the

Asserted Patent, the communication link "may be structured to include a selective set of parameters which define or limit the permission associated with the communication link," and these parameters "may include the option of transmitting the digital media file 60 via the communication link 70 merely for purposes of displaying . . . ." Asserted Patent at 6:21-23. The "digital media file(s)" may include a "digital photograph, video," "animation," or "text." *Id.* at 3:47-49. These digital media files may be displayed on the "display device 26" of the media terminal. *Id.* at 6:64-7:6.

### B. Display's Infringement Allegations

All of Display's infringement allegations are limited to information about a single product—Boss® Audio System's BV9964B, a Bluetooth®-enabled In-Dash DVD/MP3/CD Receiver. D.I. 1 ¶¶ 13, 14–24. But Ava has not made, sold, or used this product since April 2013. Rabbani Decl. ¶¶ 5–6. Display's infringement allegations rely exclusively on two sources of information: the BV9964B webpage,[2] and the BV9964B user manual referenced therein.[3] D.I. 1 ¶¶ 14–24. As

---

[2] The Complaint identifies the source as: https://www.bossaudio.com/?post_type=product&p=544846&preview=true&from=search.

[3] The Complaint identifies the source as: https://bossaudio.com/manual/BV9964B_EN_UM.PDF.

outlined in red below, the BV9964B user manual,[4] dated "01.2011" is the last version published by Boss Audio. Rabbani Decl. ¶ 4.



While Display includes a snapshot of the user manual in its Complaint, it omits the portion of the manual indicating the 2011 publication date. D.I. 1 ¶ 15.

Display's infringement allegations are directed to the feature of streaming audio over a Bluetooth connection established between a cell phone and an audio source unit in a car. *Id.* ¶¶ 14–24.

To show that the "communication link be[] *initiated by said media system*," as claimed, Display alleges that the media system and wireless mobile device "will automatically connect when the units are in range," without specifying which device is doing the initiation. D.I. 1 ¶ 22. But the BV9964B user manual demonstrates the opposite. It states that the "[c]ell phone," not the media system, "will autoestablish connection with Bluetooth of the equipment." *Id.*

To show that the accused product practices the claimed "*limited permissible use*" for transferring and "*displaying*" at least one digital media file on the media system, Display points to the user manual's discussion about streaming audio (e.g.,

---

[4] *See* n.3.

AVA'S NOTICE OF MOTION AND MOTION TO DISMISS

music, phone calls) from a smartphone to the media system so that "you can enjoy your favorite music or streaming music service such as Pandora or Spotify, wirelessly." D.I. 1 ¶ 24. But audio is heard, not displayed.

Since July 20, 2020, Ava's counsel has corresponded with Display's counsel to clarify its infringement allegations. When asked multiple times to pinpoint what in the accused BV9964B product satisfied the claimed "limited permissible use," Display failed to point to anything in its allegations, merely repeating the claim language and related specification language. Steinberg Decl. ¶¶ 5–14.

## IV. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING UNDER RULE 12(B)(1)

### A. Legal Standards

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981). This Court lacks subject matter jurisdiction if Display does not have standing to bring this action. *AEM (Holdings), Inc. v. Cooper Indus., Inc.*, No. CV 04-594 ABC VBKX, 2005 WL 5950104, at *3 (C.D. Cal. July 12, 2005). The burden of establishing standing falls on the party bringing the action, Display. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "To establish Article III standing, the plaintiff seeking compensatory relief must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Town of Chester, N.Y. v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1650 (2017) (internal quotations omitted).

When considering a Rule 12(b)(1) motion, a court is not required to accept all of the non-moving party's factual allegations as true. *AEM (Holdings)*, 2005 WL 5950104, at *2. Instead, the movant may submit evidence indicating that the court lacks subject matter jurisdiction. *Id*. "It then becomes necessary for the

party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). Where a patent owner "has no injury that the Court can adequately redress," the Court must grant a "motion to dismiss for lack of standing." *Uniloc 2017 LLC v. Box, Inc.*, 2020 WL 611565, *1 (N.D. Cal. 2020).

### B. Argument

Display cannot recover any damages for its sole patent infringement claim. Rabbani Decl. ¶ 5. "Except as otherwise provided by law, no recovery shall be had for any infringement committed ***more than six years*** prior to the filing of the complaint . . . ." 35 U.S.C. § 286 (emphasis added). All of Display's allegations are directed to a single product—the BV9964B Bluetooth-enabled Receiver. D.I. 1 ¶¶ 13, 14–24. But Ava has not purchased, sold, resold, used, made or manufactured, offered to sell, imported, or exported this product for over 7 years. Rabbani Decl. ¶ 5. The BV9964B user manual that Display relies on supports this. Dated "01.2011," this user manual was the last version published. *Id.* ¶ 4. Display conveniently omits this information from the Complaint.

Outside of damages, Display alleges nothing else that would entitle it to any injunctive relief. Since Ava does not currently own, possess, use, or offer for sale any BV9964B products, so there is nothing for the Court to enjoin. Rabbani Decl. ¶ 6. Nor does Display allege any other harm that the Court could remedy.

Since the Court cannot award any relief that could redress the Complaint's sole claim of patent infringement, Display fails to satisfy its burden of establishing standing. *Uniloc 2017 LLC v. Box, Inc.*, 2020 WL 611565, at *1 (N.D. Cal. 2020) (dismissing patent infringement suit under Rule 12(b)(1) for "lack of standing" because patentee "has no injury that the Court can adequately redress"); *Am. Piledriving Equip., Inc. v. Hammer & Steel, Inc.*, No. 4:11CV811 CDP, 2012 WL

AVA'S NOTICE OF MOTION AND MOTION TO DISMISS

1414837, at *1–3 (E.D. Mo. Apr. 24, 2012) (explaining that "this case does not present a justiciable case or controversy" because "plaintiff cannot recover any damages" where the accused products at issue were "sold" more than 6 years before the filing of the complaint).  Accordingly, Ava respectfully requests that the Court dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction.

## V. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

### A. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by merely statements, do not suffice." *Id.* A court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

### B. Argument

Even if the Court finds that Display has standing to bring this patent infringement action, the Complaint should still be dismissed because Ava fails to adequately plead at least 3 elements required by all claims of the Asserted Patent. Courts have dismissed a complaint under Rule 12(b)(6) where patent owner failed to map certain claim limitations to factual allegations in the complaint.  *See Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) (failure to "specifically t[ie] the operation to any asserted claim or addressing all of the claim requirements, is insufficient"); *e.Digital Corp.*

*v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *5 (N.D. Cal. Aug. 22, 2016); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) ("factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement"), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017).

### 1. The media system does not "initiate[]" the communication link.

Claim 12 requires that the "communication link" be "initiated *by said media system*." The allegations clearly demonstrate that the discontinued BV9964B do not, and cannot, meet this limitation.

The Complaint alleges that the claimed "media system" is the "media system that automatically detects a smartphone when the mobile device is within Bluetooth range." D.I. 1 ¶ 18. It also alleges that the claimed "communication link" is the "Bluetooth" connection. *Id.* ¶ 21. To show that this Bluetooth connection is initiated by the media system, Display states that the two "devices will automatically connect when the units are in range." *Id.* But this says nothing about which device initiates the Bluetooth connection. And the BV9964B user manual makes clear that it is the "*[c]ell phone*," not the media system, that "will autoestablish connection with Bluetooth of the equipment."[5] *Id.* ¶ 22. Since Display's own factual allegations expressly contradict this claim element, this claim limitation is not met by the BV9964B infringement allegations, and even an amendment would be futile. *See, e.g., Howard v. Cty. of Riverside*, No. EDCV1200700VAPOPX, 2013 WL 12138760, at *5 (C.D. Cal. Jan. 10, 2013)

---

[5] The cell phone cannot be the claimed media system either. According to Display's allegations, the cell phone is the claimed "wireless mobile device" that receives a media file *from* the "media system." *Id.*

(agreeing that any amendment to the complaint would be futile where the judicially noticeable exhibits "contradict" plaintiff's factual allegations).

### 2. Display fails to identify any "displaying" of at least one digital media file.

Claim 12 recites "a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and *displaying* the at least one digital media file on, the media system." Display's allegations fail for at least two reasons: 1) they are silent on the display of any media file, and 2) they fail to identify any access control mechanism separate from the alleged security measure that could be the "limited permissible use."

Once again, Display relies on the discontinued BV9964B user manual's discussion of "[a]udio streaming" of music and phone calls over Bluetooth to show this element. D.I. 1 ¶ 24. Unsurprisingly, there are no allegations of displaying any audio files. Audio files are heard, not *displayed*. But the digital media files contemplated by the Asserted Patent and expressly required by the claims require a video or visual display component. *See, e.g.*, D.I. 1, Ex. 1 at 3:47-49; 6:64-7:6.

### 3. Display fails to allege an "limited permissible use" that bypasses the security measure.

Claim 12 recites that "said communication link is *structured to bypass the security measure* of the media system for a *limited permissible use* of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and *displaying* the at least one digital media file on, the media system."

To show the "limited permissible use," Display alleges that "the media system bypasses the security measure of the Bluetooth network." D.I. 1 at ¶ 24. As discussed above, the claims require two distinct mechanisms to control access to the computer network: 1) a "security measure," and 2) a "limited permissible

use" that "bypasses" the first security measure. The allegations discuss a password authentication process required to establish a Bluetooth connection. *Id.* This disclosure is insufficient. It identifies only one access control mechanism, not two, much less that the first security measure is "bypassed" to provide a second mechanism for access based on "limited permissible use." Moreover, the feature of bypassing an existing security measure was added to the claims in order to overcome a prior art reference directed to "Bluetooth security." By accusing only the prior art Bluetooth security functionality in the discontinued BV9964B product, Display improperly seeks to recapture subject matter that it already surrendered during prosecution.

Correspondence with Display's own counsel also confirms there is no "limited permissible use." When asked repeatedly to identify the "limited permissible use" feature was alleged in the in the discontinued BV9964B, Display's counsel pointed to the Asserted Patent (its claim language and specification), unable to identify anything in the accused product that met this claim. Steinberg Decl. ¶¶ 4–15.

## VI. CONCLUSION

In view of the foregoing, Ava respectfully requests that the Court dismiss the Complaint for lack of standing under Rule 12(b)(1), or if standing is found, for failure to state of claim under Rule 12(b)(6).

| | | |
|---|---|---|
| 1 | Dated: August 10, 2020 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | |
| 4 | | By /s/ Robert Steinberg |
| 5 | | Robert Steinberg<br>10250 Constellation Blvd. Suite 1100 |
| 6 | | Los Angeles, CA 90067<br>Tel: (213) 891-8989 |
| 7 | | Fan Zhang |
| 8 | | 555 Eleventh Street, NW Suite 1000<br>Washington, D.C. 20004<br>Tel: (202) 637-2190 |
| 9 | | |
| 10 | | *Attorneys for Defendant*<br>AVA ENTERPRISES, INC. |